972 F.2d 1352
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re THEODOR GROZ & SOHNE and Ernst Beckert Nadelfabrik,
Commandit-Gesellschaft, Petitioners.
 Misc. No. 338.
 United States Court of Appeals, Federal Circuit.
 May 18, 1992.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PETITION FOR WRIT OF MANDAMUS
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 Theodor Groz & Sohne and Ernst Beckert Nadelfabrik, Commandit-Gesellschaft (Groz-Beckert) petition for a writ of mandamus to direct the United States District Court for the Southern District of New York to vacate its order granting Fukuhara Industrial & Trading Co. Ltd., et al. (Fukuhara) leave to amend their answer to include antitrust counterclaims and denying Groz-Beckert's cross-motion to sever those counterclaims from its patent infringement claims.
 
 
 2
 Groz-Beckert is a needle manufacturer and holder of a patent covering a stamped needle for use in knitting machines. On December 10, 1990, Groz-Beckert brought a patent infringement suit against Fukuhara, a manufacturer of knitting machines and knitting machine needles. In its answer, Fukuhara alleged as an affirmative defense that Groz-Beckert sought to enforce the patent against Fukuhara in an attempt to "monopolize sale and distribution of high speed knitting needles for large diameter circular knitting machines" and conspired with others to restrain trade of knitting needles and machines.
 
 
 3
 On January 8, 1992, Fukuhara moved to amend its answer to allege, inter alia, three counterclaims for violation of § 2 of the Sherman Act, 15 U.S.C. § 2 (1982). In the counterclaims, Fukuhara charged Groz-Beckert with: (1) fraudulent procurement and enforcement of the patent; (2) assertion of the patent in bad faith; and (3) destruction and concealment of documents for purposes of monopolizing the relevant needle market. Groz-Beckert opposed the motion to amend and, in the alternative, cross-moved to sever the antitrust counterclaims from the patent infringement claims and to stay discovery on those counterclaims. By order of March 6, 1992, the magistrate granted Fukuhara's motion and denied Groz-Beckert's cross-motion. In the order, the magistrate concluded that the amended answer and counterclaims were similar to the original answer and that Fukuhara did not unduly delay seeking leave to file the amendment. The magistrate also determined that severance of the infringement and antitrust claims "... would be wholly unworkable and inefficient, and further would not give sufficient recognition to the overlap of the misuse and antitrust claims." Memorandum and Order at 2. The district judge affirmed the magistrate's order, and this petition for mandamus followed.
 
 I.
 
 4
 The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar Inc., 854 F.2d 461, 464 (Fed.Cir.1988). One seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that its right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 5
 The granting of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). As the Supreme Court stated in Allied Chemical, "[w]here a matter is committed to a district court's discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.' " 449 U.S. at 36. In any event, we cannot say that Groz-Beckert has shown that the district court abused its discretion in granting leave to amend, especially in light of Fukuhara's allegation in its original answer that Groz-Beckert had engaged in anti-competitive behavior. Moreover, we find Groz-Beckert's argument that Fukuhara failed to amend its complaint in a timely manner unavailing. The motion to amend was filed approximately one year after Fukuhara answered the complaint, during which time Fukuhara had an opportunity to obtain discovery. That Fukuhara unsuccessfully attempted to assert antitrust claims in a prior, unrelated litigation against Groz-Beckert does not mean, ipso facto, that Fukuhara unduly delayed the presentation of antitrust counterclaims in the present case. In short, Groz-Beckert has not shown that the district court was not acting well within its sound discretion in allowing defendants to amend their answer and assert new counterclaims.
 
 II.
 
 6
 Groz-Beckert further argues that the district court abused its discretion in denying its cross-motion for severance. In support of its position, petitioner cites our decision in In re Innotron Diagnostics, 800 F.2d 1077 (Fed.Cir.1986), which noted in dictum that district courts routinely separate for trial patent issues and those raised in an antitrust counterclaim. In addition, Groz-Beckert asserts that the district court failed to "erect the necessary barriers" for bringing an antitrust counterclaim in a patent infringement suit and that this failure will have "a chilling effect on its legitimate patent enforcement efforts." Groz-Beckert reads the decision of this court in Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861 (Fed.Cir.1985), to require that district courts impose additional limitations on antitrust counterclaims, such as severance and stay of those counterclaims pending resolution of patent infringement claims, to prevent "frustration of patent laws by the long reach of antitrust laws."
 
 
 7
 In Loctite, this court held that an antitrust counterclaimant in a patent infringement suit must prove by clear and convincing evidence that the patentee brought the action in bad faith. In rejecting a lesser standard of proof, the court struck a balance between the protection of honest patentees who assert legitimate patent rights and the prevention of infringement suits designed to eliminate competition. The court recognized that an infringement suit is presumptively brought in good faith and that this presumption can be rebutted only by clear and convincing evidence. Loctite, 781 F.2d at 860 ( citing Handgards, Inc. v. Ethicon, Inc., 601 F.2d 986 (9th Cir.1979), cert. denied, 444 U.S. 1025 (1980)).
 
 
 8
 Although it established a higher burden of proof for antitrust counterclaimants, the Loctite court fell short of imposing additional "barriers" to impede filing and litigating antitrust counterclaims. Nor do the policy considerations behind the Loctite decision mandate the imposition of such "barriers." Rather, the district court retains considerable discretion in determining whether the severance of antitrust and patent issues would best serve the convenience of the parties, avoid prejudice, and minimize expense and delay. See In re Innotron, 800 F.2d at 1084; Fed.R.Civ.P. 42(b).
 
 
 9
 In the instant case, the district court gave due consideration to the above factors, finding that the commonality of the patent and antitrust issues presented made severance and stay of discovery an unworkable and inefficient use of judicial resources. Groz-Beckert has not shown that the district court erred in its decision. That district courts may generally favor the separation of patent and antitrust issues for trial, as we recognized in Innotron, does not render every order refusing to sever such claims an abuse of discretion. Moreover, unlike Innotron, the patent and antitrust claims in the present case are so interwoven as to preclude effective separation. Finally, the appropriate remedy for Groz-Beckert against "meticulous" discovery requests of its trade secrets is through a protective order rather than through a severance and a stay of antitrust discovery.
 
 III.
 
 10
 Groz-Beckert has failed to show "exceptional circumstances" that would justify the writ sought and to meet its burden of establishing that its right to the writ is "clear and indisputable." Will v. United States, 389 U.S. 90, 96 (1967).
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 Groz-Beckert's petition for a writ of mandamus is denied.